**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Plaintiff*
Nels T. Lippert
Brittany K. Lazzaro
1350 Broadway, 11th Fl.
New York, New York 10018
Telephone: 212-216-8000
Facsimile:  212-216-8001
Email: nlippert@tarterkrinsky.com
Email: blazzaro@tarterkrinsky.com

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMES THREE CLOTHIER, LLC,<br><br>*Plaintiff*,<br><br>-against-<br><br>MCCUBBIN HOSIERY, LLC,<br><br>*Defendant*. | Case No.<br><br>**COMPLAINT** |

Plaintiff, Times Three Clothier LLC ("TTC" or "Plaintiff") by his attorneys, Tarter Krinsky & Drogin LLP, by way of its Complaint against Defendant, McCubbin Hosiery, LLC ("McCubbin" or "Defendant"), alleges and states as follows:

### NATURE OF ACTION

1. This is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., for infringement of federally registered trademarks in violation of Section 32 of the Trademark Act of 1946, as amended 15 U.S.C. § 1114; for infringement and for false descriptions and representations, false designation of origin, and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended 15 U.S.C. § 1125(a); for related claims of unfair competition and trademark infringement in violation of plaintiff's rights at common law;

{}

for injury to business reputation and dilution and deceptive acts and practices under state statutory law; and for breach of contract.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), as plaintiff alleges substantial claims arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., together with related claims under state and common law, and the parties hereto are citizens of different states, with an amount in controversy over $75,000.

3. The unlawful acts complained of herein by Defendant has had, and/or will have an effect in this judicial district.

4. Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c) since a substantial part of the events giving rise to the claims herein occurred in this district, and the Defendant resides in this district within the meaning of the statute.

5. Furthermore, jurisdiction and venue in this judicial district is proper by virtue of Defendant's contractual agreement as set out in Paragraph 20 hereafter.

## PARTIES

6. Plaintiff, Times Three Clothier LLC, is a New York limited liability company with its principal place of business located at 575 8th Avenue, 21st Floor, New York, New York 10018. TTC is engaged in the development and marketing of women's clothing and apparel. TTC's YUMMIE by HEATHER THOMSON, YUMMIE TUMMIE and YUMMIE branded products have acquired a prominent reputation for women's shapewear, intimates, and clothing.

7. Defendant, McCubbin Hosiery, LLC, is an Oklahoma limited liability company with its principal place of business located at 5316 N.W. 5th Street, Oklahoma City, Oklahoma

73127. McCubbin conducts business in this judicial district from executive offices and sales showroom located at 358 Fifth Avenue, Suite 1212, New York, NY 10001, and distributes and sells a variety of clothing products in this judicial district.

## FACTUAL ALLEGATIONS

i. **Background**

8. For over a decade prior to the acts of McCubbin complained of herein, TTC created its brands and products, which include unique and patented women's shapewear, women's intimates, clothing and lounge wear. Such clothing bearing TTC's trademarks are sold by TTC throughout the United States and the world, including, specifically, in this judicial district. TTC has used these trademarks in interstate commerce to identify its goods and services and to distinguish them from goods and services provided by others.

9. TTC has adopted and used in commerce the trademarks "Yummie by Heather Thomson," and "Yummie by Heather Thomson and design" among other trademarks all in connection with the sale of TTC's women's shapewear, intimates, and related items of clothing.

10. By reason of long and extensive sales of its high quality merchandise, and the advertising and marketing of that merchandise, TTC's aforesaid trademarks are widely known and respected by their identification with TTC as the source of high quality goods, and said trademarks have developed and now have a secondary and distinctive meaning to manufacturers, retailers and others in the trade of women's clothing, accessories and related items, as well as consumers, who have come to identify TTC as the source of products associated with TTC's trademarks.

11. TTC has duly received from the United States Patent and Trademark Office Certificates of Registrations for the trademark "Yummie by Heather Thomson," Registration No. 4,553,312, dated June 17, 2014 for clothing, namely, dresses, shirts, undergarments, lingerie,

shorts, hosiery, and leggings, and for the trademark "Yummie by Heather Thomson and design", Registration No. 4,126,770, dated April 10, 2012 for "clothing, namely, dresses, shirts, undergarments, lingerie, shorts, hosiery and leggings." (individually the "Registered Mark" and collectively, the "Registered Marks"). A true copy of each Certificate of Registration is annexed hereto as **Exhibit A and B**, respectively.

12. Each of the aforesaid registrations are valid and subsisting, and were valid and subsisting at all times affecting the matters complained of herein, and constitute *prima facie* or conclusive evidence of TTC's exclusive right to use these Registered Marks in commerce in connection with the specified services and activities.

13. At all times since the registration of the Registered Marks, TTC has been and is the sole owner and proprietor of all right, title and interest in and to the Registered Marks.

14. TTC is also the owner of the trademark YUMMIE that it has used since 2011 as a house mark for all its clothing and accessories

**ii. The License Agreement**

15. In or around November 28, 2016, TTC and McCubbin entered into a license agreement (the "License Agreement"), pursuant to which TTC granted McCubbin an exclusive, non-assignable license allowing McCubbin to use TTC's Registered Marks as directed and approved by TTC in connection with the exclusive wholesale distribution and sale of certain specified women's products, bearing the Registered Mark. A copy of the License Agreement is attached hereto as **Exhibit C**.

16. The License Agreement was for a term of four (4) plus years, commencing on July 20, 2015, and terminating on December 31, 2019 (the "Term").

17. As specified in Section 1 of the License Agreement, the rights granted to McCubbin

were limited to certain authorized women's products listed in Exhibit A to the License Agreement and to certain specified retailers listed in Exhibit B to the License Agreement.

18. In consideration for the license granted, McCubbin was obligated under Sections 4 through 6 of the License Agreement to pay TTC Royalties and Marketing Fees (as those capitalized terms are defined and outlined in the License Agreement).

19. In relevant part, Section 6 of the License Agreement, provides that:

> a. For each Term Year by April 30, July 31, October 31 of that Term Year and on January 31 of the following year, the Licensee shall submit to the Company a detailed report of its Net Sales ("Statement") for the period of the Term Year ending March 31, June 30, September 30 and December 31 respectively. Each Statement shall list the Net Sales broken down by Full Price Retailers, Independent Specialty Store Retailers, Club Retailers and Off Price Retailers by product category and style showing the returns, trade discounts and markdown allowances granted to each of the Retailers and a calculation of the Royalties and Marketing Fees due for the period, which Royalties and Marketing Fees the Licensee shall pay by wire transfer to the Company on the date each Statement is due.

(Ex. C, § 6).

20. In relevant part, Section 12 of the License Agreement, expressly provides:

> This Agreement has been entered into in the State of New York and the validity, interpretation and legal effect of this Agreement shall be exclusively governed by the laws of the State of New York. The New York courts in New York County only shall have exclusive jurisdiction and exclusive venue over any and all disputes regarding or arising out of this Agreement.
>
> [Defendant] acknowledges that the [Plaintiff] may pursue injunctive relief besides monetary damages if the [Plaintiff] believes failure of the [Defendant] to comply with the terms and conditions of this Agreement may cause or is causing irreparable harm and injury to the [Plaintiff]. If any litigation arises between the parties, the substantially prevailing party shall be entitled to collect its reasonable attorneys' fees and costs from the losing party.

(Ex. C, § 12).

### iii. Defendant's Breaches

21. The License Agreement expired as of December 31, 2019.

22. Notwithstanding the foregoing and without permission or authority of TTC, McCubbin has failed to pay when due, Royalties and Marketing Fees as required under the License Agreement, and continues to offer, distribute, or sell goods bearing TTC's trademarks, including the Registered Marks, all in contravention of the License Agreement.

23. Specifically, McCubbin has failed to pay TTC Royalties and Marketing fees of $247,301.71 plus interest that was due on January 31, 2020 for the fourth quarter of 2019 according to the report McCubbin provided to TTC.

24. Furthermore, TTC has learned that during the Term of the License Agreement, McCubbin engaged in a pattern of conduct of selling unauthorized product bearing TTC's trademarks including the Registered Mark to authorized and unauthorized retailers and selling authorized product bearing TTC's trademarks including the Registered Mark to unauthorized retailers in contravention of the specific terms of the License Agreement.

25. TTC sent a variety of extensive and detailed communications and notices of default to Defendant, from January 14, 2020 through January 31, 2020 reiterating the breaches.

26. Although TTC continued to communicate and notify McCubbin of its breaches by way of email, McCubbin failed and/or refused to cure its extensive breaches all while acknowledging and effectively conceding the breaches indicated in TTC's notices of default.

27. Nonetheless, by way of email, dated February 2, 2020, and in a final good faith effort to amicably resolve McCubbin's several breaches, including, *inter alia*, McCubbin's extensive sales of unauthorized products to authorized and unauthorized retailers, the sale of authorized products to unauthorized retailers, and the failure to timely make royalty payments,

TTC again contacted McCubbin seeking a prompt resolution.

28.     To date, McCubbin has failed to cure its defaults and remains in breach of the License Agreement, prior to expiration on December 31, 2019.

29.     Upon information and belief, McCubbin's unlawful conduct has continued subsequent to the December 31, 2019 expiration of the License Agreement by McCubbin's promotion of products bearing TTC's trademarks including the Registered Marks, and showing products bearing TTC's trademarks including the Registered Marks to certain retailers for future orders.

30.     Upon information and belief, McCubbin has over one million products in inventory that bear TTC's trademarks including the Registered Marks.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement)

31.     TTC repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32.     By reason of the foregoing, commencing no later than January 1, 2020, McCubbin has infringed and continues to infringe TTC's trademarks including the Registered Marks by promoting and offering for sale, without TTC's consent, goods bearing TTC's trademarks including the Registered Marks.

33.     By reason of the foregoing, commencing prior to expiration of the License Agreement, McCubbin infringed TTC's trademarks, including the Registered Marks, by promoting, offering for sale and selling unauthorized goods bearing TTC's trademarks including the Registered Marks and authorized goods bearing TTC's trademarks including the Registered Marks to unauthorized retailers, all without TTC's consent.

34. McCubbin's aforesaid conduct and infringement of TTC's trademark rights including the Registered Marks is willful in that McCubbin knew of TTC's trademarks including the Registered Marks, knew of the expiration of the License Agreement and, thereafter, upon information and belief, continued to advertise, promote, offer for sale and sell, without TTC's consent, goods bearing TTC's trademarks including the Registered Marks. This use of said infringing names and marks by McCubbin is without permission or authority of TTC and has been and continues to be in a manner likely to cause confusion, to cause mistake and to deceive.

35. The aforesaid continuing acts of McCubbin infringes TTC's United States marks under Registration Nos. 4,553,312 and 4,126,770, all in violation of 15 U.S.C. § 1114(1).

36. TTC is being irreparably injured by McCubbin's aforesaid acts and has no adequate remedy at law for McCubbin's continued infringement, which will irreparably injure TTC unless McCubbin is restrained and enjoined from continuing said acts.  McCubbin's aforesaid acts constitute intentional and willful infringement in violation of Section 32 of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114.

**SECOND CLAIM FOR RELIEF**
**(False Designations of Origin and False Descriptions and**
**Representation in violation of Section 43(a) of the Trademark Act)**

37. TTC repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

38. Subsequent to December 31, 2019, McCubbin had no license, permission, consent or authorization from TTC to use TTC's trademarks, including the Registered Marks, in connection with its business or to hold itself out or represent itself as authorized to sell goods under TTC's trademarks.

39. Upon information and belief, despite the expiration of any and all licenses,

permission, consent or authorization by TTC, McCubbin has continued to advertise, promote, distribute, offer for sale, and sell goods bearing TTC's trademarks including the Registered Marks and TTC's YUMMIE trademark and to represent and make it appear that it is authorized to sell goods bearing TTC's trademark's, including the Registered Mark, and has made such representations to customers or potential customers in this district and elsewhere.

40. McCubbin's continued intentional use of TTC's trademarks, including the Registered Marks, in connection with McCubbin's business, as alleged above, constitutes a use in interstate commerce and a false designation of origin or false and misleading description or representation of goods in commerce, with knowledge of the falsity, which is likely to cause confusion, mistake and deception, and in commercial advertising and promotion, misrepresents the nature, characteristics, qualities and origins of McCubbin's goods, services and commercial activities, within the meaning of and in violation of 15 U.S.C. § 1125(a). Among other things, McCubbin's unauthorized use of TTC's trademarks, including the Registered Marks and continued unauthorized promotion of goods bearing TTC's trademarks, including the Registered Marks, is likely to lead others to the mistaken belief that the business of McCubbin's originates from or is in some way authorized, licensed, associated or related to TTC and its business.

41. TTC has been damaged and, unless McCubbin is restrained and enjoined, will continue to be damaged by McCubbin's aforesaid acts.

42. TTC is being irreparably injured by said unfair competition and has no adequate remedy at law for McCubbin's continuing unfair competition, and therefore McCubbin must be restrained and enjoined from continuing said acts.

43. At all times relevant, McCubbin has had actual and constructive notice of TTC's tradenames and trademarks, including the Registered Marks. Accordingly, the infringing and

tortious acts of McCubbin is intentional, willful and deliberate.

## THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

44. TTC repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45. McCubbin's aforesaid acts constitute infringement, imitation and misappropriation of TTC's trademarks in violation of TTC's rights under the common law of the State of New York.

46. McCubbin's aforesaid acts have caused and will continue to cause great and irreparable injury to TTC, and unless said acts are restrained by this Court, they will be continued, and TTC will continue to suffer great and irreparable injury.

47. TTC has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

48. TTC repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49. The unlawful conduct of McCubbin is being continued willfully and is likely to continue to confuse, mislead, and deceive purchasers, members of the public, and others, and create in the mind of the public the false impression that TTC is responsible for or affiliated with McCubbin and its products promoted under the infringing trademarks, including the Registered Marks, all to TTC's immediate and irreparable damage, as alleged above.

50. The wrongful conduct of McCubbin described herein constitutes unfair competition, and if continued will cause irreparable damage to TTC, its goodwill and its tradenames, trademarks, and to its business, general reputation, and reputation in the trade. Such conduct by defendants constitutes a violation of the common law of the State of New York.

51. The aforesaid acts of McCubbin constitutes inequitable conduct, unfair trade practices, and unfair competition under the common law of New York in that McCubbin has thereby misappropriated TTC's goodwill, development and promotion of its distinctive tradenames and trademarks, and there is a likelihood of confusion among consumers.

52. TTC has been damaged and, unless McCubbin is restrained and enjoined, will continue to be damaged by McCubbin's aforesaid acts.

53. TTC is being irreparably injured by said unfair competition and has no adequate remedy at law for McCubbin's continuing unfair competition, and therefore McCubbin must be restrained and enjoined from continuing said acts.

## FIFTH CLAIM FOR RELIEF
### (Injury to Business Reputation and Dilution)

54. TTC repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55. McCubbin's aforesaid acts constitute injury to business reputation and dilution as said acts have diluted and are likely to continue to dilute and/or blur the distinctive quality of TTC's tradenames and trademarks in violation of Section 360-1 of the General Business Law of the State of New York.

56. TTC is being irreparably injured by said dilution and injuries to its business caused by McCubbin and has no adequate remedy at law for McCubbin's continuing acts, and therefore McCubbin must be restrained and enjoined from continuing said acts.

## SIXTH CLAIM FOR RELIEF
### (Consumer Protection from Deceptive Acts and Practices)

57. TTC repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

58. McCubbin, without TTC's authorization or consent, and having knowledge of TTC's well-known and prior trademark rights including the Registered Marks, has distributed, advertised, offered for sale, and/or sold non-authorized products employing the Registered Marks to retailers.

59. McCubbin's aforesaid acts constitute deceptive acts and practices in the conduct of trade and commerce in the State of New York in violation of Section 349 of the General Business Law of the State of New York.

60. McCubbin's continued use of TTC's trademarks including the Registered Marks is likely to cause and is causing confusion, mistake, and deception among the general purchasing public as to the origin of McCubbin's products, and is likely to deceive the public into believing that the products sold by McCubbin originate from, are associated with, or are otherwise authorized by TTC.

61. McCubbin's deceptive acts and practices involve public sales activities of a recurring nature.

62. TTC does not have an adequate remedy at law and will continue to be damaged by McCubbin's promotion and distribution of non-authorized products unless this Court enjoins McCubbin from such fraudulent business practices.

## SEVENTH CLAIM FOR RELIEF
**(Breach of Contract)**

63. TTC repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

64. McCubbin's aforesaid acts constitute breach of contract in violation of the laws of the State of New York.  Specifically, McCubbin has made unauthorized use of the Registered Mark on unauthorized products and to unauthorized retailers in breach of the License Agreement,

including, without limitation, Sections 2 (and all of its subparts), 4, 6, and 7, as set forth above.

65. TTC has performed all of its obligations under the License Agreement.

66. As set forth above, McCubbin has materially breached the License Agreement by, upon information and belief, continuing to advertise, promote, offer for distribution, offer for sale, and selling such goods bearing TTC's trademarks, including the Registered Mark, after expiration of the License Agreement.

67. In addition to the foregoing, McCubbin has materially breached the License Agreement by, among others:

   i. failing to make royalty payments in contravention of Sections 4-7 of the License Agreement.

   ii. misusing and tarnishing the Registered Mark in violation of Section 2 (and all of its subparts) of the License Agreement.

   iii. making unauthorized use of the TTC's name in breach of Section 2 (and all of its subparts) of the License Agreement; and

   iv. failing to discontinue the promotion of products bearing the Registered Marks upon expiration of the License Agreement in breach of Section 2 of the License Agreement.

68. TTC has been damaged by the aforesaid acts of McCubbin in an amount not less than $247,301.71, together with interest, costs, and attorneys' fees, and related expenses.

69. TTC has been irreparably injured by McCubbin's continued breach of the License Agreement set forth above, and unless McCubbin is enjoined, will continue to suffer irreparable injury.

**WHEREFORE**, Plaintiff respectfully requests this Court for an order and judgment against Defendant as follows:

   A. Granting plaintiff preliminary and permanent injunctions enjoining Defendant and its officers, agents, servants, employees, attorneys, and those in active concert or

participation with each or any of them who receive actual notice of this order and judgment:

    i. From any further use of any name or trademark which includes "Yummie by Heather Thomson."

    ii. From using any other mark, word, name or symbol similar to Plaintiff's tradenames or trademarks, including the Registered Mark, which is likely to cause confusion, mistake or to deceive.

    iii. From infringing Plaintiff's rights in its aforesaid tradenames and trademarks, including the Registered Marks, or using any colorable imitation thereof.

    iv. From continuing the acts of unfair competition herein complained of.

B. Ordering Defendant to send written notice, approved by the Court, to each retailer, customer or other party who has received from Defendant unauthorized products bearing TTC's trademarks prior to January 1, 2020, and all products bearing TTC's trademarks after January 1, 2020 with a copy to Plaintiff,

    i. demanding such recipient to return all such products to Defendant; and

    ii. advising such recipients of the pendency of this action and that pursuant to an Order of this Court, Defendant has been enjoined during the pendency of this action from utilizing any infringing tradenames or trademarks, including the Registered Marks belonging to Plaintiff, and that any use or sale of the infringing goods will be in violation of said order and judgment.

C. That Defendant be required to account to TTC with respect to all sales of products to unauthorized retailers and all sales of unauthorized products during the Term of

the License Agreement.

D. Awarding Plaintiff all of Defendant's profits, and Plaintiff's damages by reason of the acts of trademark infringement and unfair competition complained of, said damages to be trebled pursuant to 15 U.S.C. § 1117; and

E. Awarding Plaintiff damages against Defendant for breach of contract in the amount of not less than $247,301.17, together with interest, expenses, including attorneys' fees and related disbursements; and

F. Awarding Plaintiff punitive damages in an amount to be determined for defendants' willful, deliberate and continuing infringement of Plaintiff's rights continuing after actual and constructive notice of the same; an

G. Awarding Plaintiff its costs and disbursements, reasonable attorneys' fees and such other or further relief as the Court may deem just and proper.

Dated: New York, New York
February 18, 2020

          **TARTER KRINSKY & DROGIN LLP**
          *Attorneys for Plaintiff*

          By: */s/ Nels T. Lippert*
              Nels T. Lippert
              Brittany K. Lazzaro
              1350 Broadway, 11th Floor
              New York, New York 10018
              Tel.: (212) 216-8000
              nlippert@tarterkrinsky.com
              blazzaro@tarterkrinsky.com