UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMES THREE CLOTHIER, LLC,<br><br>*Plaintiff*,<br><br>-against-<br><br>MCCUBBIN HOSIERY, LLC,<br><br>*Defendant*. | Case No. 1:20-cv-01397-JPO<br><br>**DEFAULT JUDGMENT AND**<br>**PERMANENT INJUNCTION ORDER** |

Plaintiff, Times Three Clothier, LLC ("Plaintiff"), having properly served a Summons (ECF #5) and Complaint (ECF #1), together with all of the exhibits thereto, on Defendant, McCubbin Hosiery, LLC ("Defendant"), through the New York Secretary of State on June 25, 2020 (ECF #12), and Defendant having failed to timely respond to the Complaint, the Court, having reviewed the Complaint and other pleadings in the record, including the Clerk's Certificate of Default (ECF #17), and the Memorandum of Law and Declaration of Nels T. Lippert (and the exhibits submitted therewith) in support of Plaintiff's Motion for Final Default Judgment and Permanent Injunction against Defendant, this Court **HEREBY FINDS** that:

1.  This is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., for infringement of federally registered trademarks in violation of Section 32 of the Trademark Act of 1946, as amended 15 U.S.C. § 1114; for infringement and for false descriptions and representations, false designation of origin, and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended 15 U.S.C. § 1125(a); for related claims of unfair competition and trademark infringement in violation of plaintiff's rights at common law; for injury to business reputation and dilution and deceptive acts and practices under state statutory law; and for breach of contract.

2. This Court has personal jurisdiction over Defendant, and subject matter jurisdiction over the matter in controversy between Plaintiff and Defendant. Venue in this judicial district is proper.

3. Defendant has not made any objection regarding the sufficiency of process or the sufficiency of service of process in this action. Any objections that Defendant may have regarding the sufficiency of process or the sufficiency of service of process in this action are hereby deemed waived.

4. For over a decade prior to the acts complained of in the Complaint, Plaintiff has adopted and used in commerce the trademarks "Yummie by Heather Thomson," and "Yummie by Heather Thomson and design" among other trademarks all in connection with the sale of Plaintiff's women's shapewear, intimates, and related items of clothing.

5. Plaintiff has duly received from the United States Patent and Trademark Office Certificates of Registrations for the trademark "Yummie by Heather Thomson," Registration No. 4,553,312, dated June 17, 2014 for clothing, namely, dresses, shirts, undergarments, lingerie, shorts, hosiery, and leggings, and for the trademark "Yummie by Heather Thomson and design", Registration No. 4,126,770, dated April 10, 2012 for "clothing, namely, dresses, shirts, undergarments, lingerie, shorts, hosiery and leggings" (individually the "Registered Mark" and collectively, the "Registered Marks").

6. Each of the aforesaid registrations are valid and subsisting, and were valid and subsisting at all times affecting the matters complained of herein, and constitute *prima facie* or conclusive evidence of Plaintiff's exclusive right to use these Registered Marks in commerce in connection with the specified services and activities.

7. At all times since the registration of the Registered Marks, Plaintiff has been and is the sole owner and proprietor of all right, title and interest in and to the Registered Marks.

8. Plaintiff's YUMMIE by HEATHER THOMSON, YUMMIE TUMMIE and YUMMIE branded products have acquired a prominent reputation for women's shapewear, intimates, and clothing that it has used since 2011 as a house mark for all its clothing and accessories

9. Defendant's unauthorized use of the Registered Marks causes confusion under the *Polaroid* test, particularly given the strong similarities between Defendant's use and Plaintiff's use of the Registered Marks.

10. Defendant's acts of infringement of Plaintiff's trademarks, including the Registered Marks, are willful and intentional.

11. Accordingly, Defendant is liable for willful and intentional federal trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), trademark infringement in violation of New York General Business Law § 360-o and the common law of the State of New York, and trademark dilution and injury to business reputation in violation of New York General Business Law § 360-*l*.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that under Federal Rule of Civil Procedure Rules 55 and 65, Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with it, are, , **PERMANENTLY ENJOINED** from:

(i) Selling, destroying or otherwise disposing of any goods that bear or are packaged in packaging or containers bearing the marks YUMMIE by HEATHER THOMSON, YUMMIE TUMMIE, or YUMMIE or any mark that is confusingly similar thereto.

(ii) Using the Registered Marks and any variation thereof as a trademark, service mark, trade name component, title, Internet domain name, or otherwise, to market, advertise, distribute, sell, produce, promote, offer for sale, sell, or identify any business, products, or services;

(iii) Displaying the Registered Marks and any variation thereof on any advertising, promotional material, websites, and social media accounts, and wherever else the same may appear;

(iv) Doing any other act likely to induce the confusion or mistaken belief that Defendant or its business, products, services, or other commercial activities are in any way affiliated, connected, or associated with Plaintiff;

(v) Engaging in any activity under the YUMMIE by HEATHER THOMSON, YUMMIE TUMMIE and YUMMIE names;

(vi) Engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Plaintiff;

(vii) Engaging in any other activity that would dilute the distinctiveness of Plaintiff's Registered Marks; and

(viii) Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, affiliated with, or in any other way associated with Plaintiff; and further,

**IT IS HEREBY FURTHER ORDERED** that Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with it

are to:

(i) Remove all references to YUMMIE by HEATHER THOMSON, YUMMIE TUMMIE and YUMMIE on Defendant's websites;

(ii) Send written notice, to each retailer, customer or other party who has received from Defendant products bearing Plaintiff's trademarks from January 1, 2020 to the present, with a copy to Plaintiff: (a) demanding such recipient to return all such products to Defendant; and (b) advising such recipients of this action and that pursuant to an Order of this Court, Defendant has been enjoined from utilizing any infringing tradenames or trademarks, including the Registered Marks belonging to Plaintiff, and that any use or sale of the infringing goods will be in violation of said Order and Judgment.

(iii) Deliver to Plaintiff for destruction all goods, signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, and any written or printed materials in its possession or under its control, which contain or encompass the Registered Marks, or any colorable imitations thereof, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power.

(iv) Within 30 days of service hereof, provide Plaintiff with a detailed and complete accounting of all products manufactured, sold, or otherwise disposed of from January 1, 2020 to the present which bear or are packaged in packaging bearing any one of Plaintiff's trademarks, including the Registered Marks, and to pay Plaintiff all of Defendant's profits for the sale of disposal of such products in accordance with 15 U.S.C. § 1117(a).

**IT IS FURTHER ORDERED** that Defendant shall cover Plaintiff's reasonable costs, disbursements, and attorneys' fees in the amount of $13,714 within thirty (30) days of the entry of this Order.

**IT IS FURTHER ORDERED** that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power, Defendant shall file with this Court and serve on Plaintiff's counsel within thirty (30) days after the Court's issuance of this permanent injunction, a report setting forth in detail the manner and form in which Defendant has complied with the mandates of this Permanent Injunction; and it is finally

**ORDERED** that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Permanent Injunction.

Dated: New York, New York
      April 28, 2021                           **SO ORDERED:**

_____
J. PAUL OETKEN
United States District Judge